CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
9/30/2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
      DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ENRIQUE ALBERT HERNANDEZ, ) | |
|     Petitioner, ) | Civil Action No. 7:22cv00539 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| MELVIN DAVIS, Warden, ) | By: Robert S. Ballou |
|     Respondent. ) | United States District Judge |

Enrique Albert Hernandez, a Virginia inmate proceeding *pro se*, has filed a petition for writ of habeas corpus, challenging his convictions and sentences imposed by the Pittsylvania County Circuit Court on December 4, 2014.  Respondent has filed a Motion to Dismiss, and the matter is ripe for decision.  As discussed more fully below, the court will grant the Motion to Dismiss because the petition is untimely.

## I.

On December 4, 2014, Hernandez was sentenced to three life terms plus 18 years for robbery, statutory burglary, aggravated malicious wounding, three counts of using of a firearm in the commission of a felony, and possession of a firearm by a convicted felon, following a jury trial on September 4, 2014 (on the felon in possession charges) and a separate jury trial on October 29, 2014 (on the remaining offenses).

Hernandez appealed to the Court of Appeals of Virginia, which denied his appeal in a per curiam opinion dated August 6, 2015.  A three-judge panel of the appellate court denied the appeal on October 26, 2015.  The Supreme Court of Virginia denied his Petition for Appeal on June 17, 2016.  His petition for rehearing was denied on October 7, 2016.

Hernandez filed a state habeas petition in the Pittsylvania County Circuit Court on October 6, 2017, but the petition was not signed. which the court dismissed as untimely on April

18, 2018.  He did not appeal from the Circuit Court's dismissal of his petition.  He did not sign his federal habeas petition until September 6, 2022, which the court will consider his filing date for purposes of this opinion.[1]  In his petition, Hernandez states that his petition was delayed because of COVID-19, lack of library access, and no services or assistance available.

## II.

Under 28 U.S.C. § 2244(d)(1), a petitioner has one year in which to file a federal habeas corpus petition.  This statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Further, the statute of limitations is tolled during the time in which "a *properly filed application* for State post-conviction review . . . is pending."  28 U.S.C. § 2244(d)(2).  In rare cases, the court may disregard the statute of limitations by applying equitable tolling or the "actual innocence" exception.

---

[1] Normally, a petition is considered filed on the date it is placed in the prison mail system. *Houston v. Lack*, 487 U.S. 266, 276 (1988).  In this case, that date cannot be accurately determined, as the petition was postmarked September 14, 2022, but was stamped "received" in the mailroom on September 16, 2022, which is not logically possible.

A. **Within One Year from Date of Final Judgment**

The statute of limitations for federal habeas cases most frequently falls under the subsection that runs from the date on which the criminal judgment became final, that is, at the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Hernandez has not alleged any circumstances that would fall under subsections (B) through (D). The Supreme Court of Virginia denied Hernandez's petition for rehearing on October 7, 2016. From there, Hernandez had 90 days in which to petition the United States Supreme Court for certiorari, which Hernandez chose not to do. Therefore, his criminal conviction became final on January 5, 2017, the date 90 days after the state high court's last decision. *Kemp v. United States*, 596 U.S. 528, 531 (2022). Absent tolling, the last day on which Hernandez could timely file his § 2254 Petition was January 5, 2018. His filing date of September 6, 2022, was more than four years past that date.

B. **Statutory Tolling**

As noted, § 2244(d)(2) tolls the statute of limitations during the time a properly filed application for State habeas is pending. The state habeas court dismissed the state habeas petition as untimely. ECF No. 7-5 at 4. Unlike the federal statute, the state habeas statute of limitations is the later of two years from the trial court's entry of final judgment or one year from the final disposition of direct appeal in the state court. There is no additional time for pursuing certiorari in the U.S. Supreme Court. The trial court's sentencing order was entered December 4, 2014, and the direct appeal in state court ended October 7, 2016. The latest date on which the state habeas could be properly filed was October 7, 2017.

If the petition Hernandez mailed on October 6, 2017, had been proper, then he would have barely filed in time to meet the state statute. It was not proper, however, because the

3

petition was not signed or verified as required by Virginia Code § 8.01-655(B). *See Fardaei v. Warden*, No. 161817 at *2 (Va. Oct. 20, 2017). An initial pleading that is not properly signed by the litigant, if acting *pro se*, or by the lawful attorney of the party, is a nullity. *Shipe v. Hunter*, 699 S.E.2d 519, 520 (Va. 2010). Although Hernandez subsequently signed his petition before a Notary on October 12, 2017, and then filed it with the court on November 20, 2017, his signature and amendment do not relate back to the original date of filing. *Id.* at 521–22. Thus, by the time the properly signed and verified petition was filed, the October 7, 2017, state statute of limitations had passed, making the petition untimely.

A state petition that is untimely, however, is *not* properly filed. *Pace v. Diguglielmo*, 544 U.S. 408, 417 (2005). Therefore, his state petition did not have any effect on the federal statute of limitations. The federal § 2254 petition remained due by January 5, 2018.

Even if the court treated the October 6, 2017, petition as properly and timely filed, statutory tolling would not save Hernandez's federal petition. As of October 6, 2017, 274 days of the one-year statute of limitations had already passed, leaving 91 days remaining on the statute of limitations. A state habeas petition does not delay the start of the statute of limitations. Rather, the period starts running when the state judgment becomes final, but the clock is temporarily stopped when a state habeas proceeding is properly filed. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). When the state habeas is no longer pending, the clock starts running again, picking up where it left off; it does not start anew. *Id.* at 328. The state habeas court dismissed Hernandez's petition on April 18, 2018. The remaining 91 days of the statute expired on July 18, 2018, rendering his September 2022 federal petition untimely.

**C. Equitable Tolling**

The United States Supreme Court has recognized a narrow exception for equitable tolling if the petitioner has pursued his rights diligently and some extraordinary circumstances prevented his timely filing. *Holland v. Florida*, 560 U.S. 631, 636, 649 (2010). At the outset, waiting four years after dismissal of the state petition to file a federal petition is not diligent pursuit of one's rights.

Neither has Hernandez demonstrated extraordinary circumstances. COVID-19 did not cause prison lockdowns until nearly a year after the federal habeas statute of limitations had already expired. Lack of access to the law library, services, and legal assistance do not constitute extraordinary circumstances, either, even for a *pro se* litigant. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 751 (6th Cir. 2011). Hernandez is not entitled to equitable tolling of the statute of limitations.

### D. **Actual Innocence**

In balancing the "societal interests in finality, comity, and conservation of scarce judicial resources with the individual interest in justice that arises in the extraordinary case," the Court has recognized a "miscarriage of justice exception" to the statute of limitations when a litigant presents *new* evidence showing that, absent constitutional error, "no reasonable juror would have convicted" the defendant. *McQuiggin v. Perkins*, 569 U.S. 383, 393–95 (2013). Hernandez has not claimed actual innocence, nor has he introduced any new evidence, unavailable at trial, to support such a claim. This exception to the statute of limitations does not benefit Hernandez.

## III.

Hernandez filed his § 2254 petition more than four years past the deadline, and none of the exceptions to the statute of limitations applies to this case. The court will grant the respondent's motion to dismiss and deny a certificate of appealability. An appropriate Order will be entered this day.

Enter: September 30, 2024

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge